# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| JOHN SEIDEL, | * | |
| | * | No. 18-1743V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 1, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner; <u>Laurie Wiesner and Alexis B. Babcock</u>, United States Dep't of Justice Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 25, 2021, petitioner John Seidel moved for final attorneys' fees and costs. He is awarded **$23,742.81**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On November 8, 2018, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.  The petition alleged that the influenza ("flu") vaccine he received on November 16, 2015, caused him to suffer chronic inflammatory demyelinating polyneuropathy ("CIDP").  On March 16, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same date. Decision, 2021 WL 1398978 (Fed. Cl. Spec. Mstr. Mar. 16, 2021).

On June 25, 2021, petitioner moved for final attorneys' fees and costs.  Pet'r's Mot., filed June 25, 2021.  Petitioner requests attorneys' fees of $21,366.50 and attorneys' costs of $2,376.31 for a total request of $23,742.81.  Id. at 5.  Pursuant to General Order No. 9, petitioner states that he has not personally incurred any costs in pursuit of this litigation.  Id.  On July 9, 2021, respondent filed a response to petitioner's motion.  Resp't's Resp., filed July 9, 2021. Respondent argues, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Additionally, he recommends that the undersigned "exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.  Petitioner did not file a reply.

*      *      *

The burden is on the petitioner to provide sufficient evidence to support a request for attorneys' fees and costs.  See, e.g., Scharfenberger v. Sec'y of Health & Hum. Servs., 124 Fed. Cl. 225, 234 (2015).  The Secretary is not required to make objections to requests for fees and costs.  Id.  Accordingly, special masters are "not limited to objections raised by respondent."  Id. (quoting Lamar v. Sec'y of Health & Hum. Servs., No. 99-538V, 2008 WL 3845165, at *5 (Fed. Cl. Spec. Mstr. July 30, 2008)).

The Secretary previously provided objections to requests for attorneys' fees and costs.  See Dominguez v. Sec'y of Health & Hum. Servs., 136 Fed. Cl. 779, 781 (2018).  However, the Secretary no longer routinely provides objections to fee motions due to lack of resources and desire to avoid further litigation.  See id. Given the Secretary's lack of substantive participation in fee motions, special masters have an independent duty to evaluate them for their reasonableness.  See id. at 785; McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018); Spahn v. Sec'y of Health & Hum. Servs., 138 Fed. Cl. 252, 262-63 (2018).

Therefore, the undersigned has independently reviewed the fee application for its reasonableness.  See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993); Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) (affording special masters discretion to determine the reasonableness of requests of attorneys' fees and costs); see also Saxton, 3 F.3d at 1521; Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009) (allowing special masters to rely on accumulated experience in determining fee awards).

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).  The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies, and petitioner's counsel is paid according to the local rate.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done in Beverly Hills, California.  The local rate of Beverly Hills, California is substantially similar to the forum rate.  Therefore, the Davis County exception does not apply.

The undersigned has reviewed the hourly rates requested for the work of his counsel at Jeffrey S. Pop & Associates (the billing records indicate that most of the attorney work was performed by Ms. Alexandra B. Pop with supporting work

3

performed by Mr. Jeffrey S. Pop) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work.  See, e.g., Gallanter v. Sec'y of Health & Hum. Servs., No. 19-1291V, 2021 WL 2457816 (Fed. Cl. Spec. Mstr. May 25, 2021); Kelbick v. Sec'y of Health & Hum. Servs., No. 18-775V, 2020 WL 5587718 (Fed. Cl. Spec. Mstr. Aug. 17, 2020); Boeske v. Sec'y of Health & Hum. Servs., No. 16-1685V, 2019 WL 2865253 (Fed. Cl. Spec. Mstr. May 24, 2019).  Petitioner also requested reasonable hourly rates for work performed by paralegals.  Accordingly, the requested hourly rates are reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable.  The billing invoice provides sufficiently detailed descriptions of the work performed.  See fee exhibit 1.  A review of the timesheets indicates that Mr. and Ms. Pop did little work that was duplicative.  Accordingly, petitioner is awarded final attorneys' fees of $21,366.50.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira, 27 Fed. Cl. at 34.  Petitioner requests a total of $2,376.31 in attorneys' costs.  This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's treating neurologist, Dr. Keit Loc.

Dr. Loc billed a total of $1,300 for time spent providing a telephone consultation, reviewing medical records, and providing an opinion letter (exhibit 18).  Fee exhibit 2 at 20-24; Pet'r's Mot. at 1-2.  Dr. Loc practices at the University of California, San Diego Stroke Center.  Exhibit 19 (Dr. Loc's CV).  He is board-certified in in psychiatry and neurology.  Id.  Dr. Loc began seeing petitioner on December 23, 2015, shortly after he received his flu vaccine on November 12, 2015.  Exhibit 18.  In the letter, Dr. Loc distinguished petitioner's pre-diabetic neuropathy symptoms from his CIDP symptoms.  Id.; see also Pet'r's Mot. at 1.  Given his level of experience and that his opinion letter played a role in helping

4

petitioner reach a favorable outcome via stipulation, the undersigned finds the amount billed reasonable and results in an award of $1,300.

For the remainder of the costs, petitioner has provided adequate supporting documentation, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

D. <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$23,742.81** (representing $21,366.50 in attorneys' fees and $2,376.31 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Jeffrey S. Pop. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.